## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEMINI LAKE,<br><br>*Plaintiff*<br><br>v.<br><br>REDEVELOPMENT AUTHORITY OF THE<br>CITY OF POTTSVILLE,<br><br>*Defendant* | Case No: ████████<br><br>**COMPLAINT** |

**FILED
SCRANTON**

APR 0 7 2025

PER ___*JKC*___
DEPUTY CLERK

COMES NOW Plaintiff, GEMINI LAKE ("Plaintiff), *pro se*, and brings this action

against Defendant, Redevelopment Authority of the City of Pottsville ("Defendant" or

"Redevelopment Authority"), and alleges as follows:

### INTRODUCTION

1.      This action arises out of Defendant's unlawful attempt to seize Plaintiff's property,

located at 23 North Centre Street, Pottsville, Pennsylvania (Tax Parcel ID No. 68-27-0362.000)

(hereinafter "Thompson Building" or "Property"), through a petition filed under the Pennsylvania

Abandoned and Blighted Property Conservatorship Act, 68 P.S. § 1101 et seq. ("the Act"), in the

Court of Common Pleas of Schuylkill County, Pennsylvania (Case No. S-1767-2024).

2.      Defendant's actions constitute an unconstitutional deprivation of Plaintiff's

property rights without due process of law and violate Plaintiff's equal protection rights under

the Fourteenth Amendment to the United States Constitution, as well as federal law under 42

U.S.C. § 1983.

3.      Plaintiff seeks declaratory and injunctive relief to prevent Defendant from

proceeding with its conservatorship petition, as well as damages for the harm caused by

1

Defendant's actions, which are motivated by improper purposes, including racial discrimination and political favoritism.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiff's claims arise under the Constitution and laws of the United States, specifically the Fourteenth Amendment and 42 U.S.C. § 1983.

5. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a), as they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in Schuylkill County, Pennsylvania, which lies within the Middle District of Pennsylvania.

## PARTIES

7. Plaintiff, Gemini Lake, is an adult African American individual residing in Ashland, Pennsylvania.

8. Defendant, Redevelopment Authority of the City of Pottsville, is a redevelopment authority incorporated under the Pennsylvania Urban Development Law, 35 P.S. § 1701 *et seq.*, with its principal office located at 401 North Centre Street, Pottsville, Schuylkill County, Pennsylvania 17901. Defendant is a state actor operating under color of state law.

## FACTUAL ALLEGATIONS

9. Plaintiff is the owner of Advanced Consulting, Inc., which is a corporation incorporated under the laws of the State of Minnesota, with offices in New York.

10. Plaintiff, through Advanced Consulting, Inc., acquired the Thompson Building, a historically significant property known as a "Marquee Building" in Pottsville, Pennsylvania, with the intent to rehabilitate and develop it into a mixed-use commercial and residential space.

11. Plaintiff's name is on the deed alongside that of Advanced Consulting, Inc. Accordingly, Plaintiff has legal ownership of said property.

12. At the time of Plaintiff's acquisition, the Thompson Building was in a state of significant disrepair, having been neglected by prior owners and the City of Pottsville itself, including unsecured conditions, vermin infestation, and use by unauthorized individuals for illicit activities.

13. Since acquiring the Property, Plaintiff has undertaken consistent efforts to secure, maintain, and improve the Thompson Building in an economically feasible manner, including weekly maintenance visits, roof repairs, and securing the premises with active video monitoring.

14. Plaintiff's efforts have aligned with the City of Pottsville's redevelopment plans, which identified the Thompson Building as one of the last properties to be developed in the downtown district due to its size and complexity.

15. Despite Plaintiff's active engagement with the Property, on September 16, 2024, Defendant filed a Petition for Conservatorship in the Court of Common Pleas of Schuylkill County (Case No. S-1767-2024), seeking to appoint itself as conservator of the Thompson Building under the Act.

16. Defendant's Petition falsely alleges that the Thompson Building is abandoned, blighted, and a public nuisance, claiming it is damaged, decayed, dilapidated, structurally unsound, and a health and safety hazard. These allegations lack specific evidence and are contradicted by Plaintiff's ongoing maintenance and development efforts.

17.     Defendant failed to provide any photographs, videos, affidavits, or other concrete evidence to substantiate its claims, relying instead on vague, boilerplate assertions insufficient to meet the Act's requirements.

18.     Plaintiff is the only minority-owned entity possessing a "Marquee Building" in Pottsville, and Defendant's actions appear to target Plaintiff's ownership for discriminatory reasons. Defendant seeks to transfer the Property to a politically connected developer, Nat Hyman of Hyman Properties, who lacks standing to pursue conservatorship independently.

19.     On information and belief, Defendant entered into an agreement with Nat Hyman or Hyman Properties prior to filing the Petition, without notifying Plaintiff. By doing so, Defendant sought to facilitate the transfer of the Thompson Building to said developer once a clear title is obtained through conservatorship.

20.     Defendant's Petition fails to satisfy the statutory prerequisites under the Act, including that the Property has not been legally occupied for twelve months, has not been actively marketed, or constitutes a public nuisance as defined by 68 P.S. § 1103.

21.     Defendant has not engaged in any meaningful dialogue with Plaintiff regarding his plans for the Property, nor has it conducted any investigation to verify Plaintiff's ongoing efforts, demonstrating a lack of good faith and due process.

22.     The conservatorship proceeding threatens Plaintiff with immediate and irreparable harm, including the loss of his property rights, damage to his economic interests, and interference with his development plans, all without adequate notice or opportunity to be heard.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of Due Process Under the Fourteenth Amendment

4

**(42 U.S.C. § 1983)**

23.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 22 as if fully set forth herein.

24.    The Fourteenth Amendment to the United States Constitution guarantees Plaintiff due process of law, including notice and an opportunity to be heard before being deprived of his property.

25.    Defendant, acting under color of state law, has initiated a conservatorship proceeding that seeks to deprive Plaintiff of his property interest in the Thompson Building without sufficient evidence, factual basis, or compliance with the procedural safeguards required by the Act and federal law.

26.    Defendant's failure to provide specific allegations or evidence, combined with its refusal to engage with Plaintiff prior to filing the Petition, constitutes a violation of Plaintiff's procedural due process rights.

27.    As a direct and proximate result of Defendant's actions, Plaintiff faces imminent loss of his property and associated economic benefits, entitling him to injunctive relief, declaratory relief, and damages.

## Count II

### Violation of Equal Protection Under the Fourteenth Amendment

**(42 U.S.C. § 1983)**

28.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 27 as if fully set forth herein.

29.    The Fourteenth Amendment guarantees Plaintiff equal protection under the law, prohibiting discriminatory treatment based on race or other impermissible factors.

30.     Defendant's targeting of Plaintiff, the sole minority-owned owner of a "Marquee Building" in Pottsville, for conservatorship, while sparing similarly situated properties owned by non-minority entities, constitutes intentional discrimination.

31.     Defendant's actions are motivated by a desire to transfer the Thompson Building to a politically connected, non-minority developer, further evidencing discriminatory intent.

32.     As a result of Defendant's violation of Plaintiff's equal protection rights, Plaintiff has suffered and will continue to suffer harm, entitling him to injunctive relief, declaratory relief, and damages.

## Count III

### Declaratory Judgment

### (28 U.S.C. § 2201)

33.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as if fully set forth herein.

34.     An actual controversy exists between Plaintiff and Defendant regarding the lawfulness of Defendant's conservatorship petition and its compliance with federal constitutional requirements.

35.     Plaintiff seeks a declaratory judgment that Defendant's actions violate Plaintiff's rights under the Fourteenth Amendment and that the conservatorship petition is invalid under federal law.

### DEMAND FOR JURY TRIAL

36.     Plaintiff hereby demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

6

1. Issue a preliminary and permanent injunction enjoining Defendant from proceeding with the conservatorship petition in the Court of Common Pleas of Schuylkill County (Case No. S-1767-2024) or taking any further action to deprive Plaintiff of his property rights in the Thompson Building;

2. Declare that Defendant's actions violate Plaintiff's due process and equal protection rights under the Fourteenth Amendment and 42 U.S.C. § 1983;

3. Award Plaintiff compensatory damages for the harm caused by Defendant's unconstitutional actions, including but not limited to economic losses and attorneys' fees;

4. Award Plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

5. Grant such other and further relief as the Court deems just and proper.

Dated: April __7__, 2025

Respectfully submitted,

Gemini Lake
1702 Walnut Street,
Ashland, PA 17921
Tel: 570-232-3836
Email: lake@industrymovement.com

7